**FELLERMAN & CIARIMBOLI LAW, P.C.**
183 Market Street
Suite 200
Kingston, PA 18704
(570) 714-4878
(570) 714-7255 (Fax)
www.fclawpc.com

Gregory E. Fellerman, Esquire
Attorney I.D. #81568
gef@fclawpc.com

Edward J. Ciarimboli, Esquire
Attorney I.D. #85904
ejc@fclawpc.com

Michael J. O'Neill, Esquire
Attorney I.D. #82191
moneill@fclawpc.com

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM ENT,**<br><br>**PLAINTIFF,**<br>v.<br><br><br>**BARRON GLEZ TRUCKING, INC.**<br><br><br>**DEFENDANTS.** | **CIVIL ACTION – LAW**<br><br>**JURY TRIAL DEMANDED**<br><br>**NO.:** |

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

## **AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**FELLERMAN & CIARIMBOLI LAW, P.C.**  Gregory E. Fellerman, Esquire
183 Market Street  Attorney I.D. #81568
Suite 200  gef@fclawpc.com
Kingston, PA 18704
(570) 714-4878  Edward J. Ciarimboli, Esquire
(570) 714-7255 (Fax)  Attorney I.D. #85904
www.fclawpc.com  ejc@fclawpc.com

Michael J. O'Neill, Esquire
Attorney I.D. #82191
moneill@fclawpc.com

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM ENT,**<br><br>PLAINTIFF,<br>v.<br><br>**BARRON GLEZ TRUCKING, INC.**<br><br>DEFENDANTS. | CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED<br><br>NO.: |

## COMPLAINT

AND NOW COMES the Plaintiff, William Ent, by and through his undersigned legal counsel, Fellerman & Ciarimboli Law, P.C., to hereby complain against the Defendants, Midway Insurance Management International, Inc., and Barron Glez Trucking, Inc., (collectively "Defendants"), as follows:

### PARTIES

1. Plaintiff, William Ent ("Mr. Ent"), is a competent adult individual who resides at 280 State Street, Nanticoke, Luzerne County, Pennsylvania 18634.

2. Defendant, Barron Glez Trucking Inc. ("Barron") upon information and belief is a motor carrier company and has a principal place of business at 222 North Nevarez Road, El Paso, Texas 79927.

5. Barron's USDOT number is listed as 1496104.

6. Barron's MC number is listed as MC-562397.

7. Barron was the owner of the freightliner truck involved in the collision that evening.

8. At all times relevant hereto, Barron was or should have been an authorized interstate motor carrier authorized to transport goods in interstate commerce and in the Commonwealth of Pennsylvania pursuant to one or more permits issued by the Interstate Commerce Commission and/or by the United States Department of Transportation ("USDOT").

9. Accordingly, Barron was subject to all state and federal laws, statutes, regulations, and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods in interstate commerce, including without limitation, Pennsylvania Statutes governing motor vehicles and the Federal Motor Carrier Safety Regulations ("FMCSR") set forth in subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

10. Defendant Barron, in order to obtain a DOT number was required to submit an OP-1 form containing a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that they have access to and are familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that Defendant will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

11. More specifically, each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration that, at a minimum, Defendant Barron:

a. had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

b. can produce a copy of the FMCSRs;

c. had and will have in place a driver safety training/orientation program;

d. had and will have prepared and maintain an accident register;

e. is familiar with D.O.T. regulations governing driver qualifications and had and will have in place a system for overseeing driver qualifications requirements;

f. had and will have in place policies and procedures consistent with D.O.T. regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

g. is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

h. must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating within the United States.

12. In order to obtain a DOT number, the Defendants and/or their authorized representatives swore under the penalty of perjury to comply with the above "Safety Certifications."

13. Cayateno Gonzalez ("Mr. Gonzalez"), upon information and belief, is a competent individual who resides at 222 North Neverez Road, El Paso, Texas.

14. At all times relevant hereto, Mr. Gonzalez was a class A licensed commercial motor vehicle operator driving a 2004 white freightliner truck with VIN number 1FVHF6AV04DM42181 that was owned, leased, assigned, and/or operated by Barron.

15. Accordingly, Mr. Gonzalez was subject to all state and federal laws, statutes, regulations, and industry standards governing the safe maintenance and operation of commercial motor vehicles and trailers including, without limitation, Pennsylvania Statutes governing motor vehicles and the Federal Motor Carrier Safety Regulations set forth in subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

16. At all times relevant hereto, the 2004 white freightliner truck was owned, leased, assigned, and/or operated by Defendant Barron and was being operated and/or controlled by Mr. Gonzalez with the consent of the Defendant and for the financial benefit of Defendant.

17. At all times relevant hereto, Mr. Gonzalez was employed and/or contracted to perform services for and was operating the 2004 white freightliner truck for Defendant Barron under the Defendant's USDOT operating authority and was subject to their supervision, control or right to control, such that Defendant Barron should be considered his actual and statutory employer and therefore vicariously liable for Mr. Gonzalez's negligence, carelessness and recklessness.

18. At all relevant times hereto, Mr. Gonzalez was the agent, servant, workman, and/or employee of Barron and was acting in the course and scope of his employment, under the direction, control, and authority of Barron and was the permissive user on behalf of Defendant of the 2004 white freightliner truck involved in the crash.

19. At all relevant times hereto, Barron operated and conducted business for transporting goods in interstate commerce.

20. Accordingly, Defendants are personally liable for the crash that caused Mr. Ent's injuries.

21. At all relevant times, the Defendant Barron was liable for the actions and/or inactions of Mr. Gonzalez as though the actions and/or inactions were performed by the entity itself.

22. At all relevant times, the Federal Motor Carrier Safety Regulations apply hereto, pursuant to 67 Pa. Code §231, *et seq*.

23. At all relevant times, Plaintiff acted with due care and in no way caused or contributed to the crash that forms the basis of this lawsuit.

## JURISDICTION AND VENUE

24. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiff and Defendants; and (b) the matter in controversy exceeds the jurisdictional limit.

25. Venue is appropriate under 28 U.S.C. §1391(b)(2).

## FACTS

26. The preceding paragraphs are incorporated herein as though fully set forth below.

27. The motor vehicle crash giving rise to the instant action occurred on February 15, 2021, in the middle northbound lane of Interstate 81 ("I-81"), near the mile 161.6 marker at approximately 6:26 PM.

28. At or around the aforementioned time and place, weather conditions were such that there was ice and freezing rain on that section of the highway and upon information and belief a ban on commercial motor vehicle traffic was in place.

29. On February 15, 2021 at or around 6:26 PM, Plaintiff operated a PennDOT vehicle while in the scope of his employment at PennDOT, travelling northbound on I-81 in the middle traffic lane.

30. Plaintiff's vehicle was traveling 40 miles per hour and was actively spreading salt in the middle northbound lane of travel.

31. At the same date and time and in direct violation of the ban on commercial motor vehicle traffic on I-81, Mr. Gonzalez, while in the scope of his employment with Defendant Barron, was operating the 2004 white freightliner truck on the same northbound stretch of I-81 about the mile 161.6 marker in the middle traffic lane behind Plaintiff's vehicle.

32. At or around 6:26 PM, while traveling northbound along I-81 at approximately 55 miles per hour, Mr. Gonzalez violently struck Plaintiff's vehicle from behind.

33. The impact of the crash caused Plaintiff's vehicle to slide into the right lane of traffic coming to rest facing west.

34. At all relevant times hereto, Mr. Gonzalez operated the freightliner truck in a reckless, careless, and negligent manner and failed to use extreme caution by operating the vehicle at dangerously high speeds given the weather conditions in direct violation of Federal Motor Carrier Safety Regulation section 392.14.

35. At all relevant times during the collision, Mr. Ent acted in a safe, prudent, and reasonable manner and in no way contributed to the injuries sustained in the crash.

36. As a result of the crash, as well as the negligence, carelessness and recklessness of Defendants, Mr. Ent sustained the following injuries:
    a.    Sprain of ligaments of lumbar spine; and
    b.    Lower back pain
    c.    anteriorly spurring at T9-10

37. As a direct and proximate cause of the crash, Mr. Ent was immediately taken to Geisinger Wyoming Valley Medical Center Emergency Department and has received treatment from the following providers as of the time of filing this Complaint:

    a. Geisinger Wyoming Valley Medical Center;
    b. Vision Imaging;
    c. Phoenix Rehabilitation;
    d. Northeast Rehabilitation; and
    e. MedExpress.

38. All of the aforementioned treatment for Mr. Ent's injuries have been reasonable and necessary to treat the aforesaid injuries.

39. As a result of the aforementioned injuries and natural consequences thereof, Mr. Ent has been obligated to expend various sums of money and incur expenses for medical treatment.

## COUNT I
## VICARIOUS LIABILITY
## WILLIAM ENT v. ALL DEFENDANTS as being vicariously liable for CAYATENO GONALEZ

40. The preceding paragraphs are incorporated herein as though fully set forth below.

41. The negligence, carelessness, and/or recklessness of Defendants, as being vicariously liable for the actions of Mr. Gonzalez, consisted of, but are not limited to the following:

    a. Failing to maintain proper and adequate control over his freightliner truck and failing to maintain a safe distance behind Plaintiff's vehicle and ;

    b. Failing to keep his eyes on the road at all times;

  c. Failing to pay proper attention while operating his vehicle on I-81;

  d. Failing to exercise due care and caution given the weather conditions;

  e. Failing to take proper precautions in the operation of his freightliner truck as to avoid the collision that occurred;

  f. Operating his freightliner truck in a negligent, careless, or reckless manner without due regard for the rights and safety of Plaintiff;

  g. Failing to exercise due care and caution under all the existing circumstances;

  h. Failing to take evasive actions as to avoid collision with Plaintiff's vehicle;

  i. Failing to remain alert;

  j. Consciously deciding to drive at an unsafe speed given all the circumstances;

  k. Failing to operate his freightliner truck with extreme caution in accordance with the Federal Motor Carrier Safety Regulation section 392.14; and

  l. Failing to operate his freightliner truck in a reasonable manner and otherwise in accordance with the Federal Motor Carrier Safety Regulations.

  42. As a result of the above states acts and omissions, Plaintiff suffered such harm as previously stated herein.

43.     At the time of the crash, Mr. Gonzalez operated the freightliner truck while within in the scope of his employment with Defendant Barron.

44.     Therefore, Defendants, as the freightliner truck's owner and employer of Mr. Gonzalez, are vicariously liable for the negligent, careless, and/or reckless conduct of Mr. Gonzalez that was the direct and proximate cause of the crash and Plaintiff's aforementioned resulting injuries.

**WHEREFORE** Plaintiff, William Ent, respectfully seeks all damages allowed under the law of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of $75,000.

Respectfully submitted,
**FELLERMAN & CIARIMBOLI LAW, P.C.**

BY: *Michael O'Neill*
Michael J. O'Neill, Esquire
Counsel for the Plaintiff

Date: 1.31.2023